After a second jury trial, the defendant, Luis A. Torres, was convicted of one count of violating an abuse prevention order.[2] G. L. c. 209A, § 7. In this consolidated appeal, he argues that the trial judge abused his discretion in denying his motion for a mistrial, which the defendant had sought after the Commonwealth's sole witness made two improper references to the defendant's previous incarceration.[3] We affirm.
Background. We summarize the relevant facts as the jury could have found them. In March, 2013, the defendant's former girl friend applied for and received an abuse prevention order (order) against the defendant, which prohibited the defendant from contacting her and required him to stay away from her residence. While the order was still in effect, the defendant came to his former girl friend's apartment, knocked on her door, and waited outside. After she answered the door, she told the defendant to leave, and he complied. The defense was that the former girl friend had fabricated the story in an attempt to exact revenge against the defendant because of his engagement to another woman.
During her testimony, the former girl friend twice referenced inadmissible evidence of the defendant's prior incarceration. First, during her direct examination, in response to the Commonwealth's question asking how long she had lived with the defendant, she answered, "[F]or about a year. Then he went to jail." Second, on cross-examination, after trial counsel's vigorous questioning regarding her description of the defendant to the police when she reported the violation of the order and in response to the question, "[Y]ou didn't tell [the police] what he looked like?" she stated, "I showed him-I have-on the wall right now, I have a picture of his old inmate ID of what he looks like." Immediately following each of these statements, the judge sustained trial counsel's objections and struck the portion of the responses regarding the defendant's incarceration. Each time, he provided a curative instruction directing the jury to disregard the statements. At trial counsel's request, he further instructed the jury to disregard these comments in the final jury charge.[4] At the close of evidence, the defendant moved for a mistrial based on these two statements. The motion was denied, and the jury returned a guilty verdict. This consolidated appeal followed.
Discussion. The trial judge did not abuse his discretion in denying the defendant's motion for a mistrial. See Commonwealth v. Cunneen, 389 Mass. 216, 223-224 (1983). The determination whether to grant a mistrial based on the jury's exposure to improper evidence is within the discretion of the trial judge. Commonwealth v. Garrey, 436 Mass. 422, 435 (2002). "A mistrial 'ought to be [declared] with the greatest caution, under urgent circumstances, and for very plain and obvious causes.' " Commonwealth v. Riberio, 49 Mass. App. Ct. 7, 11 (2000), quoting from Commonwealth v. Horrigan, 41 Mass. App. Ct. 337, 340 (1996). On appeal, we will not disturb the trial judge's decision unless it "falls outside the range of reasonable alternatives." Commonwealth v. Kolenovic, 471 Mass. 664, 672 (2015), quoting from L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
"Where a party seeks a mistrial in response to the jury's exposure to inadmissible evidence, the judge may rely on curative instructions to correct any error and to remedy any prejudice." Garrey, 436 Mass. at 435. Because "jurors are presumed to have followed the judge's instructions to disregard the evidence," Commonwealth v. Durand, 475 Mass. 657, 669 (2016), we cannot say that the trial judge abused his discretion in concluding that the corrective instructions, which he promptly gave following the witness's improper testimony, were sufficient to remedy any prejudice to the defendant. See, e.g., Commonwealth v. Amirault, 404 Mass. 221, 231-232 (1989) ; Durand, 475 Mass. at 666-669.[5]
Judgment affirmed.
Order denying motion for new trial affirmed.

In the first trial on the same charge, the judge declared a mistrial after the jury returned deadlocked.

In his motion for new trial, the defendant additionally argued that the Commonwealth's witness changed her testimony without fair notice, and that the Commonwealth committed discovery violations. Because his brief raises only the trial judge's alleged error in denying his motion for mistrial, we do not pass upon his other assertions of error. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975) ("The appellate court need not pass upon questions or issues not argued in the brief").

After the first comment, the judge stated, "Reference to where the Defendant went is stricken from the record. You are not to-you are to disregard it and to pay no attention to it, Jurors." After the second comment, he stated, "The jury is instructed to pay no attention to what type of identification it is that this gentleman's picture was on. That is not relevant to this case at all. I want you to disregard it, please." In his final instructions to the jury, he stated:
"You also heard testimony that suggested that Mr. Torres may have been incarcerated. That comment was improper and I struck it from the record. You are to completely disregard that testimony, as I have stricken it from the record. Thus, you may not use it in any way during your deliberations. You must strike it from your minds."

The defendant also argues that the prosecutor improperly appealed to the jurors' sympathy during closing argument when he referenced the fact that the former girl friend cried during her testimony. Because trial counsel had pointed to the former girl friend's crying in his closing to support his argument that she was still emotionally invested in the relationship, the Commonwealth's response to this attack on the witness's credibility was permissible. Commonwealth v. Monzon, 51 Mass. App. Ct. 245, 253-254 (2001).